Filed 8/21/24  P. v. Seechan CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F087426 |
| Plaintiff and Respondent, | (Super. Ct. No. VCF130050) |
| v. | |
| CHAVA SEECHAN, | **OPINION** |
| Defendant and Appellant. | |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Tulare County.  Antonio A. Reyes, Judge.

James S. Thomson, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Levy, Acting P. J., Poochigian, J. and DeSantos, J.

## INTRODUCTION

In 2006, a jury convicted appellant of willful, deliberate, and premeditated attempted murder (Pen. Code, § 664/187, subd. (a)),[1] three counts of second degree robbery (§§ 211, 212.5, subd. (c)), and other related offenses and enhancements. Appellant was sentenced to 35 years to life, plus 41 years eight months in state prison.

In 2023, the California Department of Corrections and Rehabilitation (CDCR) sent a letter to the trial court identifying an error in the indeterminate abstract of judgment. The CDCR noted that the indeterminate abstract of judgment reflected that, as to the willful, deliberate, and premeditated attempted murder count, the trial court incorrectly imposed an additional 15-year term pursuant to section 186.22, subdivision (b)(5).

In response to the CDCR's letter, the trial court held a hearing and ordered the 15-year term stricken from the indeterminate abstract of judgment. This appeal is taken from the trial court's order.

Appellant's appointed counsel filed a brief with this court pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), identifying no error and asking this court to review the record and determine if there are any reasonably arguable issues on appeal. Appellant was afforded an opportunity to submit a supplemental letter or brief but failed to do so in the time allotted.

We have conducted an independent review of the record and find no error. We affirm.

## BACKGROUND

Appellant was convicted of willful, deliberate, and premeditated attempted murder (§§ 664/187, subd. (a); count 1), shooting at an occupied motor vehicle (§ 246; count 2), two counts of assault with a semiautomatic firearm (§ 245, subd. (b); counts 3 and 7) and three counts of second degree robbery (§§ 211, 212.5, subd. (c); counts 4-6). The jury

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

also found true the following allegations: as to counts 1-7, that appellant committed the offense for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)); as to counts 1 and 5, that appellant intentionally discharged a firearm (§ 12022.53, subd. (c)); as to counts 5 and 6, that appellant personally used a firearm within the meaning of section 12022.53, subdivision (b); and as to counts 1, 3, and 7, that appellant personally used a firearm within the meaning of section 12022.5, former subdivision (a)(1).

The trial court sentenced appellant to 35 years to life plus 41 years eight months in state prison.[2] As pertinent here, on count 1, the trial court sentenced appellant to 15 years to life on the substantive offense pursuant to section 186.22, subdivision (b)(5), plus 20 years for the discharge of a firearm enhancement (§ 12022.53, subd. (c)), for a total indeterminate term of 35 years to life.

In 2023, the CDCR sent a letter to the trial court stating appellant's indeterminate abstract of judgment contains an error. The abstract reflected, as to count 1, that the trial court imposed as an enhancement an additional 15-year term pursuant to section 186.22, subdivision (b)(5). Thus, as written, the abstract showed a total sentence on count 1 of 50 years to life, not 35 years to life. [3]

The CDCR explained that section 186.22, subdivision (b)(5) provides for an alternate penalty provision, not an enhancement. (See *People v. Jefferson* (1999) 21 Cal.4th 86, 101.) This subdivision states that when a defendant commits an offense for the benefit of a criminal street gang "in the commission of a felony punishable by

---

[2]     The trial court initially sentenced appellant to 35 years to life plus 45 years. On appeal, we reversed the section 186.22, subdivision (b)(1) gang finding on count 4, reducing the determinate portion of appellant's sentence to 41 years eight months. (*People v. Seechan* (Mar. 10, 2008, F051825) [nonpub. opn.].)

[3]     While not addressed by the CDCR, we observe that the 15-year enhancement listed on the indeterminate abstract of judgment was not imposed during the oral pronouncement of judgment. "Ordinarily, where there is a discrepancy between the oral pronouncement of judgment and the abstract of judgment, the oral pronouncement controls." (*People v. Burke* (2023) 89 Cal.App.5th 237, 244.)

imprisonment in the state prison for life shall not be paroled until a minimum of 15 calendar years have been served." (§ 186.22, subd. (b)(5).) "Unlike an enhancement, which provides for an *additional term* of imprisonment, the 15-year minimum term in section [186.22, subdivision (b)(5)] sets forth an *alternate* penalty for the underlying felony itself, when the jury has determined that the defendant has satisfied the conditions specified in the statute." (*People v. Jefferson*, *supra*, 21 Cal.4th at p. 101.)

The CDCR observed that the trial court correctly applied the alternate penalty provision to count 1 by sentencing appellant to 15 years to life on the substantive offense. But because section 186.22, subdivision (b)(5) is not an enhancement, the additional 15-year "enhancement" term was erroneous.

Upon receipt of the CDCR's letter, the trial court set the matter for a hearing. The court and parties agreed the indeterminate abstract of judgment was incorrect, and that the 15-year "enhancement" pursuant to section 186.22, subdivision (b)(5), must be stricken. The court prepared an amended indeterminate abstract of judgment reflecting its order striking the additional 15-year term from the abstract.

## DISCUSSION

As noted above, appellant's counsel filed a *Wende* brief identifying no error and asking this court to review the record to determine whether there are any arguable issues on appeal. We have conducted an independent review of the record. We find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment is affirmed.